UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| TERRACE SHAW, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 3:20-cv-00530 |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM OPINION AND ORDER

On June 21, 2019, Terrace Shaw was sentenced to 184 months imprisonment pursuant to an Amended Plea Agreement. That sentence included a mandatory consecutive 7-year sentence on Count Seven for brandishing a firearm during a Hobbs Act robbery in violation of 18 U.S.C. § 924(c).

Shaw has now filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 1), as supplemented by counsel (Doc. No. 8). Shaw raises one claim. Specifically, he asserts that his 924(c) conviction is invalid in light of United States v. Davis, 139 S. Ct. 2319 (2019), which held that the residual clause to the definition of a "crime of violence" in Section 924(c) was unconstitutionally vague.

Shaw is entitled to no relief for two reasons. First, controlling authority is to the contrary. In United States v. Gooch, 850 F.3d 285, 292 (6th Cir. 2017), the Sixth Circuit joined its "sister circuits in ruling that Hobbs Act robbery constitutes a crime of violence." This remains true today, even post-Davis. United States v. Clancy, 979 F.3d 1135, 1140 (6th Cir. 2020); Porter v. United

1

States, 959 F.3d 800, 804 (6th Cir. 2020); United States v. Nixon, 825 F. App'x 360, 364 (6th Cir. 2020).

Second, Shaw has procedurally defaulted on his Davis claim, and he cannot show cause or prejudice excusing that default. After he was sentenced in accordance with his Amended Plea Agreement, Shaw filed no appeal, even though Davis was decided within days of his sentencing. The fact that there then-existed adverse authority in the form of Gooch does not excuse this default. See Bousley v. United States, 523 U.S. 614, 623 (1998) (rejecting the argument that adverse circuit precedent could excuse procedural default and explaining that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time"); Gatewood v. United States, 979 F.3d 391, 395–96 (6th Cir. 2020) (observing that, in light of Bousley and other precedent, "'futility cannot be cause,' at least where the source of the 'perceived futility' is adverse state or lower court precedent").

Moreover, in addition to being charged with using a firearm during a Hobbs Act robbery in Count Seven, Shaw was charged with brandishing and shooting a firearm during a drug trafficking felony in Count Five, but the Government dropped that charge as a part of the plea. The dropped charge itself was a crime of violence for purposes of Section 924(c). See, Rolley v. United States, No. 20-5140, 2020 WL 4463420, at *1 (6th Cir. July 2, 2020) (rejecting argument that "drug tracking crime" under Section 924(c) is unconstitutionally vague). Therefore, to excuse his default on the 924(c) charge relating to the Hobbs Act robbery as alleged in Count Seven, Shaw would also have to demonstrate that he was actually innocent of the use of a firearm during a drug trafficking crime as charged in Count Five. Bousley, 523 U.S. at 624 (stating that "in cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual

innocence must also extend to those charges"). This is true, even where, as here, the penalty might be the same for both crimes because "the likely rationale for the Bousley rule supports requiring petitioners to show their innocence of equally serious charges." United States v. Caso, 723 F.3d 215, 222 (D.C. Cir. 2013); accord Lewis v. Peterson, 329 F.3d 934, 937 (7th Cir. 2003) ("The logic of the Bousley opinion does not require that the charge that was dropped or forgone in the plea negotiations be more serious than the charge to which the petitioner pleaded guilty. It is enough that it is as serious. For if it is as serious, the petitioner would have gained little or nothing had the government and he realized that the charge to which he pleaded guilty was unsound."); Johnson v. Brown, No. CV 13-242-GFVT, 2016 WL 4261761, at *2 (E.D. Ky. Aug. 12, 2016) (collecting cases for the proposition that "many courts have held that a dismissed charge need only be 'equally serious' in order to trigger th[e Bousley] rule"). Shaw does not even attempt to show that he is actually innocent of the firearm charge relating to drug trafficking. Thus, his Davis claim fails for this reason as well.

Before closing, the Court address another point. After the reply was filed, Shaw sent a letter to the Court voicing concerns about his court-appointed lawyer, Michael Holley. Shaw wrote:

> I feel like he doesn't have my best interest at heart due to the fact that he is clearly citing a case against me (United States v. Gooch). It seems odd to me that he would cite a case against me that is from a lower court and an early date. This seems wrong to me.

(Doc. No. 13 at 1). Shaw also complained about Holley's supposed lack of effort because counsel added little to what Shaw already wrote in relation to the Davis claim. Both of Shaw's complaints are without merit.

A lawyer's conduct in this Court is governed by the Tennessee Code of Professional

3

Responsibility, which is incorporated into Local Rule 83.01(c)(6). On the one hand, "[i]t is counsel's duty 'to represent the client zealously within the bounds of the law,' which encompasses the right to 'seek any lawful objective through legally permissible means; and to present for adjudication any lawful claim, issue, or defense.'" State v. Huskey, 82 S.W.3d 297, 310 (Tenn. Crim. App. 2002) (citation omitted). On the other hand, "[a] lawyer shall not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel[.]" Sup. Ct. Rules, Rule 8, RPC 3.3. "Th[is] rule is an important one, especially in the district courts, where its faithful observance by attorneys assures that judges are not the victims of lawyers hiding the legal ball." Transamerica Leasing, Inc v. Compania Anonima Venezolana de Navegacion, 93 F.3d 675, 676 (9th Cir. 1996).

Shaw's unstated suggestion "that there is a conflict between zealous advocacy and ethical and professional behavior is completely false.'" Bailey v. Bd. of Prof'l Responsibility, 441 S.W.3d 223, 234 (Tenn. 2014) (In re Moncier, 550 F.Supp.2d 768, 807 (E.D. Tenn. 2008)). There is no conflict between the two, and "[t]he case law is replete with affirmations of that fundamental principle." Moncier, 550 F. Supp. 2d at 807 (citing cases).

Here, counsel did exactly what he was supposed to do: he advocated for Shaw's position while at the same time acknowledging that controlling law did not support that position. His citation in his opening brief to Gooch and his forthright statement – "It is necessary, nonetheless, to disclose that binding precedent presently holds that Hobbs Act robbery categorically satisfies the element of § 924(c)'s crime of violence." (Doc. No. 8 at 4) – is to be commended, not condemned.

Shaw's complaint that "the motion he [Holley] filed with mines [sic] seems [like] I prepared

4

[it] if you ask me" (Doc. No. 13 at 1) borders on the frivolous. Those filings look nothing alike. Further, because Shaw knowingly, voluntarily, and intelligently pled guilty and did not appeal, Holley was stuck with a Davis claim that was bound to fail.

Accordingly, Shaw Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), as supplemented (Doc. No. 8) is **DENIED**. The Clerk of the Court shall enter a final judgment and close this case.

IT IS SO ORDERED.

_____
WAVERLEY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE